```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
MICHAEL T. REEVES,

                              Plaintiff,           07-CV-6454

              v.                                   **DECISION**
                                                   **and ORDER**
MONROE COUNTY, municipal corporation,
MONROE COUNTY SHERIFF'S DEPARTMENT,
MONROE COUNTY SHERIFF, PATRICK O'FLYNN,
individually and in his official capacity,
DEPUTY C.J. SHATZEL, individually and in
his official capacity, CITY OF ROCHESTER,
municipal corporation, OFFICER CUYLER
MOONEY, individually and in his official
capacity, OFFICER MOXLEY, individually
and in his official capacity, Officer One,
individually and in his official capacity,
OFFICER TWO,

                              Defendants.
_____
```

### INTRODUCTION

Plaintiff Michael T. Reeves ("plaintiff"), proceeding pro se, brings this action pursuant to 42 U.S.C. §1983, alleging that defendants[1] employed excessive physical force and violated his federal constitutional rights when they stopped and arrested him for a vehicle traffic violation on November 5, 2004. County Defendants now move to dismiss plaintiff's claims pursuant to Federal Rules of Civil Procedure 41(b) arguing that he has failed to comply with an order of the Court, serve answers and responses

---

[1] In his Complaint, plaintiff names as defendants Monroe County, municipal corporation, Monroe County Sheriff's Department, Monroe County Sheriff, Patrick O'Flynn, individually and in his official capacity, Deputy C.J. Shatzel, individually and in his official capacity, (collectively "County Defendants"), City of Rochester, municipal corporation, Officer Cuyler Mooney, individually and in his official capacity, Officer Moxley, individually and in his official capacity, Officer One, individually and in his official capacity, Officer Two ("defendants").

to the defendants' discovery requests, and timely prosecute his case. For the reasons set forth below, County Defendants' motion is granted.

## BACKGROUND

On September 18, 2007, plaintiff commenced this action by filing a Complaint alleging that defendants employed excessive physical force and violated his federal constitutional rights when they stopped and arrested him for a vehicle traffic violation on November 5, 2004 in violation of 42 U.S.C. §1983. See Docket # 1. By Order dated October 12, 2007, the case was referred to Magistrate Judge Jonathan W. Feldman for supervision of pre-trial discovery matters and determination of all non-dispositive motions. See Docket # 4. On November 28, 2007, Magistrate Judge Feldman issued a Scheduling Order, ordering the parties to complete discovery by June 30, 2008. See Docket # 13.

On January 10, 2008, the County Defendants served their First Set of Interrogatories and First Notice to Produce upon plaintiff's attorney Matthew J. Fusco, of Counsel of the firm of Chamberlain D'Amanda Oppenheimer & Greenfield ("plaintiff's counsel"). However, on April 18, 2008, plaintiff's counsel filed a motion pursuant to Local Rules of Civil Procedure §83.2(c) to withdraw as the attorney of record for plaintiff in this case. See Docket # 17. Pursuant to the Decision and Order of this Court dated July 7, 2008 ("July 7, 2008 Order"), the motion of plaintiff's counsel to withdraw as attorney for plaintiff was granted once plaintiff's counsel served

a copy of the July 7, 2008 Order upon plaintiff by registered mail. See Docket # 19. In addition, the July 7, 2008 Order directed plaintiff or his new counsel to appear with defendants' counsel for a status conference on July 30, 2008 at 10:30 a.m. See id. Plaintiff's counsel served the July 7, 2008 Order to plaintiff by registered mail on July 14, 2008. However, plaintiff failed to comply with the July 7, 2008 Order and did not appear in person or by counsel on July 30, 2008. Further, to date, plaintiff has failed to served answers and responses to the County Defendants' First Set of Interrogatories and First Notice to Produce.

## DISCUSSION

County Defendants now move to dismiss plaintiff's claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, arguing that plaintiff's failure to comply with Judge Feldman's July 7, 2008 Order and his failure to serve answers and responses to the County Defendants' First Set of Interrogatories and First Notice to Produce, evidences his general failure to prosecute this action. Plaintiff has not opposed the motion.

Rule 41(b) provides that in cases where a plaintiff has failed to prosecute an action, the defendant may move to dismiss the proceeding for failure to prosecute. Pursuant to Rule 41(b), a district court possesses the inherent power to dismiss a case with prejudice for lack of prosecution. See Fed.R.Civ.P. 41(b); see also Nita v. Connecticut Dep't of Envt'l Protection, 16 F.3d 482, 485 (2d Cir. 1994) (Dismissal of an action for failure to prosecute is

within court's discretion) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 633 (1962)); Harding v. Federal Reserve Bank of New York, 707 F.2d 46, 50 (2d Cir. 1983). However, dismissal for failure to prosecute and/or failure to comply with a discovery order is a harsh remedy warranted only by extreme circumstances. See Martens v. Tomann, 273 F.3d 159, 179 (2d Cir.2001). This is especially true where the plaintiff is a pro se litigant. See Lucas v. Miles, 84 F.3d 523, 535 (2d Cir.1996). Nevertheless, even a pro se litigant has "an obligation to comply with court orders," and when that obligation is ignored, even the pro se litigant "must suffer the consequences." See McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988).

The Second Circuit set forth the factors to be considered in dismissing a case for failure to prosecute in Alvarez v. Simmons Market Research Bureau, Inc., 839 F.2d 930, 932 (2d Cir. 1998); see also United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 255 (2d Cir,2004); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994). The factors set forth in Alvarez, none of which are dispositive, include:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has 'take[n] care to "strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard...."', and [5] whether the judge has

> adequately assessed the efficacy of lesser sanctions.

Alvarez, 839 F.2d at 932.

Given these considerations, plaintiff's ongoing failure to respond to County Defendants' discovery demands and advance his case toward trial warrant dismissal of this action. First, the extent of plaintiff's delay in responding to defendants' discovery demands has become unreasonable. County Defendants served the discovery requests on plaintiff over twelve months ago, and he has yet to respond. Also, more than six months have elapsed since Judge Feldman ordered plaintiff to appear at a status conference, and he has failed to do so. Second, Judge Feldman noted, after plaintiff's failure to appear at the status conference, that defendants may submit a motion to dismiss. See July 30, 2008 Court Entry # 20. To date, plaintiff has neither responded to County Defendants' discovery requests, nor complied with the July 7, 2008 Order of this Court. Accordingly, plaintiff's willful delay warrants dismissal of his Complaint.

Third, defendant has been and will continue to be prejudiced by any further delays in resolving this action. Plaintiff's failure to respond to County Defendants' first discovery demands, made over a year ago, prevent defendants from obtaining the information necessary to defend themselves from plaintiff's allegations. Moreover, prejudice may be presumed where, as here, there has been unreasonable delay. See Norden Systems, 375 F.3d at 257. Defendants are also prejudiced by delay due to a dimming of witness memories

concerning the incidents at issue. Thus, the prejudice defendants have experienced and will continue to experience as a result of plaintiff's unreasonable delay warrants dismissal of plaintiff's Complaint.

Fourth, plaintiff has been provided ample opportunity to be heard in this case, and therefore cannot claim that he has been denied due process. Despite the Court's intervention, plaintiff has not advanced his case beyond the point of initial discovery. Lastly, since plaintiff has demonstrated through his inactivity that he has minimal interest in prosecuting this case, sanctions other than dismissal are unlikely to motivate him to respond, and would thus be inappropriate. Accordingly, plaintiff's Complaint is hereby dismissed with prejudice pursuant to Federal Rules of Civil Procedure 41(b).

## CONCLUSION

For the reasons set forth above, I find that plaintiff has failed to timely prosecute his claims and hereby grant defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. Accordingly, plaintiff's Complaint is dismissed with prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

                                        s/Michael A. Telesca
                                            MICHAEL A. TELESCA
                                        United States District Judge

Dated:    Rochester, New York
            January 13, 2009